**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE SANTOS, | : | Civil No. 08-3846 (AET) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| WM SMITH , et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES**:

> JOSE SANTOS, #E1957
> Ocean County Jail
> 120 Hooper Avenue
> Toms River, NJ  08753

**THOMPSON, District Judge**

Plaintiff Jose Santos, a prisoner incarcerated at Ocean County Jail, seeks to file a Complaint alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983.  Based on Plaintiff's affidavit and prison account statement, this Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

### I.  BACKGROUND

Plaintiff sues the Ocean County Public Defender's Office and Wm Smith, the public defender representing Plaintiff in his criminal case, for violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts the following facts, which this Court is required to regard as true

for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

Plaintiff alleges that Smith is not providing adequate representation in that Smith neglected to

file requested motions, failed to respond to Plaintiff, lied to Plaintiff, and racially profiled

Plaintiff.  Plaintiff asserts that he complained to the Ocean County Public Defender's Office

without success.  He seeks compensation for violation of his constitutional rights.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain

(1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be

simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations

describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the

2

United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the

Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.
>
> \*                    \*                    \*
>
> The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal

quotation marks omitted); <u>see also</u> <u>Monroe v. Beard</u>, 536 F. 3d 198, 205 (3d Cir. 2008) ("To

survive a motion to dismiss, a plaintiff must allege facts that raise a right to relief above the

speculative level on the assumption that the allegations in the complaint are true (even if doubtful

in fact).") (citations and internal quotation marks omitted).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v.</u>

<u>Swan</u>, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of

the Constitution and the statutes enacted by Congress pursuant thereto."  <u>Bender v. Williamsport</u>

<u>Area School Dist.</u>, 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction

over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States,

and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; <u>see</u>

also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person

such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was

acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person

deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's § 1983 claims against Public Defender Smith and the Public Defender's Office

fail as a matter of law because Smith was not acting under color of state law and the Public

Defender's Office is not a "person" subject to suit under § 1983. "Although a private [person]

may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when

[he] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.

1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). In Polk County v.

Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and

ultimately supervised by the state, does not act under color of state law when performing the

traditional functions of counsel to a criminal defendant. See also Angelico v. Lehigh Valley

4

Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law). Because the acts and omissions complained of in regard to Smith concern the traditional functions of a criminal defense attorney, this defendant was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983 against him.[1]  Plaintiff's § 1983 claim against the Public Defender's Office also fails as a matter of law.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983").  Because neither of the named defendants is subject to suit under § 1983, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.[2]

---

[1] To the extent that Plaintiff seeks injunctive relief for alleged continuing constitutional deprivations regarding his representation by Smith in an on-going criminal case, such relief is not available in this Court.  See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (citing Younger v. Harris, 401 U.S. 37 (1971)); Calhoun, 2008 WL 2944638 n.3.

[2] This Court is mindful that it may not dismiss a complaint without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff insinuates that he could cure the deficiencies in the Complaint by amending it.  Accordingly, this Court will dismiss without granting leave to file an amended complaint.

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed <u>in forma pauperis</u> and dismisses the

Complaint.


<u>    s/ Anne E. Thompson    </u>
**ANNE E. THOMPSON, U.S.D.J.**


Dated: November 10, 2008

6